UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARENCE KIRKLAND,

                Plaintiff,

       -against-

WENDELL GRIFFIN; CAMILO ANTONINI,

                Defendants.

20-CV-9880 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C.

§ 1983, alleging that Defendants violated his constitutional rights. By order January 11, 2021, the

Court directed Plaintiff to show cause why the Court should not dismiss the action as time-

barred. Plaintiff filed a declaration, and the Court has reviewed it. The action is dismissed for the

reasons set forth below.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff filed this action on November 20, 2020. (ECF 2.) He asserts claims under 42 U.S.C. § 1983 of false arrest and false imprisonment arising from events that occurred in 2015.[1] Because the statute of limitations for a claim brought under § 1983 is three years, *see Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002), and Plaintiff did not file his complaint within three years of 2015, the Court directed Plaintiff to file a declaration showing cause why the Court should not dismiss the action as time-barred. (ECF 5.)

Plaintiff filed a declaration, but he does not dispute that the action is untimely. Rather, he argues that the limitation period should be equitably tolled because he was incarcerated and unable to file this lawsuit. Specifically, Plaintiff asserts that he was "false[ly] imprison[ed] from July 13 2016 to October 9 2020."[2] (ECF 6, at 1.) He maintains he was given an "illegal sentence" and that "they kept [him] away past [his] time to sue and it was done deliberately" to prevent him from suing. (*Id.*) Plaintiff alleges that on four occasions during his incarceration he

---

[1] The complaint alleges that the events giving rise to Plaintiff's claims arose on November 30, 2015. (ECF 2, at 5.) But documents that Plaintiff attaches to his declaration of timeliness state that the events described in the complaint occurred on November 30, 2014. (*See* ECF 6, at 23-24.)

[2] Plaintiff was incarcerated during this time for a conviction arising from events separate from the alleged false arrest described in the complaint. He does not allege that the conviction for which he was incarcerated has been vacated, overturned, or otherwise reversed.

requested "1983 forms to fill out," but he never received the forms because Green Correctional

Facility confiscated them. (*Id.* at 1-2.)

Plaintiff also argues that equitable tolling should apply because he did not know the

identity of Detective Griffin, whom Plaintiff sues here, until Griffin testified at Plaintiff's trial in

June 2016.

### DISCUSSION

Generally, a statute of limitation period may be tolled if "compelling circumstances"

warrant an exception "to prevent inequity." *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir.

2003) (internal quotation marks and citation omitted); *see Zerilli-Edelglass v. New York City*

*Transit Authority*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks omitted) (stating

that a district court must consider whether a litigant seeking equitable tolling "(1) has acted with

reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the

circumstances are so extraordinary that the doctrine should apply"). The statute of limitations

may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the

fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to

forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

Here, Plaintiff fails to offer any reason for filing this action late that presents a

compelling circumstance. His primary argument is that he was incarcerated throughout the

limitations period and was unable to obtain a § 1983 complaint form. But "imprisonment does

not itself act as a toll for prisoners bringing § 1983 claims." *Venticinque v. Brown*, No. 09-CV-

2861 (DLG) (MDG), 2010 WL 1486449, at *2 (E.D.N.Y. Apr. 14, 2010). Nor does the fact that

Plaintiff was unable to obtain a § 1983 complaint form justify equitable tolling. There is no

requirement that a *pro se* prisoner must use any specific form to file a § 1983 complaint. And

even if Plaintiff's inability to obtain a complaint form made it difficult for him to file his

complaint, such difficulty is not a "compelling circumstance" that would justify equitable tolling. *See, e.g.*, *Cotto v. Pabon*, 2008 WL 4962986, at *12 (S.D.N.Y. Nov. 20, 2008) (refusing to equitably toll an untimely § 1983 claim due to plaintiff's alleged difficulties in accessing the prison's law library); *see also Saldana v. Artuz*, No. 99-CV-5089, 2000 WL 1346855, at *2 (S.D.N.Y. Sept. 19, 2000) ("Hardships associated with prison conditions do not constitute the rare circumstances under which equitable tolling is granted."); *Grant v. Goord*, 430 F.Supp.2d 135, 139 (W.D.N.Y. 2006) (holding that normal hardships and difficulties associated with prison life do not constitute the "extraordinary circumstances" necessary to equitably toll an untimely habeas corpus petition under 28 U.S.C. § 2254).

Plaintiff's allegations that he was "falsely imprison[ed]" or given an "illegal sentence" in order to prevent him from filing suit are also insufficient. Under New York law, equitable tolling "may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Doe v. Holy See (State of Vatican City)*, 17 A.D.3d 793, 794 (3d Dep't 2005) (internal quotations omitted). But if a plaintiff cannot "articulate[ ] any acts by defendants that prevented [him] from timely commencing suit," then he has "failed to meet [his] burden of showing that [he was] wrongfully induced by defendants not to commence suit." *Id.* Here, Plaintiff fails to allege any facts suggesting that Defendants prevented him from filing a timely action.

Finally, Plaintiff alleges that he did not know the identity of Detective Griffin, whom Plaintiff sues here, until Griffin testified at Plaintiff's trial in June 2016. Assuming Plaintiff's

4

allegation to be true, Plaintiff still failed to bring his claims within three years of the 2016[3] identification of Griffin.

As Plaintiff fails to set forth compelling circumstances to justify the equitable tolling of the three-year statute of limitation period, the Court dismisses this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND IS DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:   March 9, 2021
         New York, New York

_____
LOUIS L. STANTON
U.S.D.J.

---

[3] In the complaint, Plaintiff alleges that Griffin testified on July 11, 2016, or July 12, 2016. (ECF 2, at 5.) In his declaration, Plaintiff states that he did not identify Griffin until he testified at Plaintiff's trial on unrelated charges "on June 11 or June 12," but he does not specify the year. (ECF 6, at 2.)